**IRA A. WATSON DEPARTMENT STORE, Appellant,**

v.

**David HAMILTON; Lloyd R. Edens, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 1999–SC–1155–WC.**

Supreme Court of Kentucky.

Oct. 26, 2000.

Rehearing Denied Jan. 25, 2001.

Steven R. Armstrong, Todd P. Kennedy, Boehl, Stopher, & Graves, Lexington, KY, for appellant.

David L. Williams, Eric C. Conn, Stanville, KY, for appellee Hamilton.

## OPINION OF THE COURT

This workers' compensation appeal concerns whether there was substantial evidence to support a finding of permanent, total disability pursuant to the requirements of Chapter 342 as effective December 12, 1996.

The claimant was born in 1958 and has a 12th grade education. His employment history includes work as a firefighter, utility person for a shoe manufacturer, and a billboard installer. He worked in the defendant-employer's department store for approximately 17 years, first, as a floor supervisor and, ultimately, as the assistant manager.

On Saturday, January 25, 1997, claimant injured his back while moving a glass display fixture. He sought treatment with Dr. Nichols on the following Monday and attempted to return to work after 2 to 3 weeks; however, he was unable to continue for more than a few days due to back pain. He testified that he had not worked since then, that he continued to experience low back pain, and that he was unaware of other work he could perform.

Dr. Nichols referred claimant to Dr. Stephens who reported an annular tear at L5–S1 and degenerative disc disease based upon an MRI. In June, 1997, he recommended a diskogram in order to determine whether a lumbar fusion would be appropriate. In August, 1997, he indicated that claimant had reached maximum medical improvement (MMI) and assigned a 5% functional impairment, noting that claimant had not consented to a diskogram. Permanent restrictions included: no repetitive lifting of more than 40 pounds and no repetitive bending or stooping.

Dr. Snider examined claimant in May, 1998, and reviewed office notes from Drs. Nichols and Stephens. He reported disc degeneration at L5–S1, positive Waddell signs, and no evidence of disc herniation. In his opinion, claimant had reached MMI and retained a 5% functional impairment based upon a DRE lumbosacral Category

2 assessment. He reported evidence of somatization disorder and concluded that claimant required no further treatment.

Dr. Muckenhausen diagnosed degenerative disc disease and an annular tear in the lumbosacral spine with bilateral lumbosacral radiculopathy. She also noted cervical radiculopathy and mechanical type headaches and assessed a combined functional impairment rating of 27%, of which 15% to 18% related to the lumbar spine. She indicated that claimant could lift no more than 10 pounds and no more than 5 pounds frequently. She limited standing, sitting, or walking to less than 3 hours of an 8 hour day. Also, claimant was advised not to work at heights and to avoid both temperature extremes and vibratory equipment.

An evaluation was performed by a certified vocational evaluator at the Carl D. Perkins Comprehensive Rehabilitation Center in March, 1998. It indicated that in view of his physical restrictions and current academic level, claimant lacked significant potential for either vocational training or competitive employment.

An arbitrator awarded medical benefits and income benefits which were based upon a 5% impairment rating and were enhanced because claimant did not retain the physical capacity to return to his former employment. KRS 342.730(1)(b) and (c)1. Income benefits of $13.35 per week were ordered payable for 425 weeks. KRS 342.730(1)(d). Claimant then sought de novo review. The Administrative Law Judge (ALJ) who considered the matter concluded as follows:

> In light of the Petitioner's age, the nature of his injury which includes an annular tear, the type of work he … customarily performed which, to a great extent, has involved manual labor, and the composite opinions of Drs. Muckenhausen and Stephens, I find the Petitioner, David Hamilton, has suffered a permanent total disability as the result of his injury of January 25, 1997.

The employer appealed. It asserted that under the version of Chapter 342 which became effective December 12, 1996, the criteria set forth in *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), no longer applied. Instead, the ALJ was required to base the award upon claimant's functional impairment rating. The argument was rejected by the Workers' Compensation Board (Board) and the Court of Appeals. This appeal by the employer followed.

As amended effective December 12, 1996, KRS 342.0011 provides, in pertinent part, as follows:

(1) "Injury" means any work-related traumatic event or series of traumatic events, including cumulative trauma, arising out of and in the course of employment which is the proximate cause of producing a harmful change in the human organism evidenced by objective medical findings. "Injury" does not include the effects of the natural aging process....

....

(11)(b) "Permanent partial disability" means the condition of an employee who, due to an injury, has a permanent disability rating but retains the ability to work; and

(c) "Permanent total disability" means the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury....

....

(34) "Work" means providing services to another in return for remuneration on a regular and sustained basis in a competitive economy.

The employer's argument is that the 1996 amendments to KRS 342.0011(11) legislatively overruled the definition of occupational disability which was set forth in *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), and codified in the pre-December 12, 1996, version of KRS 342.0011(1). It argues that the amendments preclude a consideration of anything but the factors which they set forth.

■ Pursuant to the 1996 amendments to KRS 342.730, awards for permanent, partial disability are a function of the worker's AMA impairment rating, the statutory multiplier for that rating, and whether the worker is capable of returning to the pre-injury employment; thus, it is clear that the ALJ has very limited discretion when determining the extent of a worker's permanent, partial disability. *See* KRS 342.730(1)(b) and (c)1. However, determining whether a particular worker has sustained a partial or total occupational disability as defined by KRS 342.0011(11) clearly requires a weighing of the evidence concerning whether the worker will be able to earn an income by providing services on a regular and sustained basis in a competitive economy. For that reason, we conclude that some of the principles set forth in *Osborne v. Johnson, supra,* remain viable when determining whether a worker's occupational disability is partial or total.

■ An analysis of the factors set forth in KRS 342.0011(11)(b), (11)(c), and (34) clearly requires an individualized determination of what the worker is and is not able to do after recovering from the work injury. Consistent with *Osborne v. Johnson, supra,* it necessarily includes a consideration of factors such as the worker's post-injury physical, emotional, intellectual, and vocational status and how those factors interact. It also includes a consideration of the likelihood that the particular worker would be able to find work consistently under normal employment conditions. A worker's ability to do so is affected by factors such as whether the individual will be able to work dependably and whether the worker's physical restrictions will interfere with vocational capabilities. The definition of "work" clearly contemplates that a worker is not required to be homebound in order to be found to be totally occupationally disabled. *See, Osborne v. Johnson, supra,* at 803.

■ Although the Act underwent extensive revision in 1996, the ALJ remains in the role of the fact-finder. KRS 342.285(1). It is among the functions of the ALJ to translate the lay and medical evidence into a finding of occupational disability. Although the ALJ must necessarily consider the worker's medical condition when determining the extent of his occupational disability at a particular point in time, the ALJ is not required to rely upon the vocational opinions of either the medical experts or the vocational experts. *See, Eaton Axle Corp. v. Nally*, Ky., 688 S.W.2d 334 (1985); *Seventh Street Road Tobacco Warehouse v. Stillwell*, Ky., 550 S.W.2d 469 (1976). A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured. *Hush v. Abrams*, Ky., 584 S.W.2d 48 (1979).

■ KRS 342.285(2) provides that the Board shall not reweigh the evidence and substitute its judgment for that of the ALJ with regard to a question of fact. The standard of review with regard to a judicial appeal of an administrative decision is limited to determining whether the decision was erroneous as a matter of law. *American Beauty Homes v. Louisville & Jefferson County Planning & Zoning Commission*, Ky., 379 S.W.2d 450, 457 (1964). Where the ALJ determines that a worker has satisfied his burden of proof with regard to a question of fact, the issue on appeal is whether substantial evidence supported the determination. *Special Fund v. Francis*, Ky., 708 S.W.2d 641, 643 (1986). Substantial evidence has been defined as some evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable people. *Smyzer v. B.F. Goodrich Chemical Co.*, Ky., 474 S.W.2d 367 (1971). Although a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis for reversal on appeal. *McCloud v. Beth–Elkhorn Corp.*,

Ky., 514 S.W.2d 46 (1974). The crux of the inquiry on appeal is whether the finding which was made is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law. *Special Fund v. Francis, supra*, at 643.

■ Here, the ALJ considered the claimant's testimony as well as the medical and vocational evidence. The ALJ concluded that claimant's permanent occupational disability was total rather than partial. The ALJ's finding was affirmed by the Board and the Court of Appeals based upon an interpretation of KRS 342.0011(11) and (34) with which we agree. Having reviewed the evidence and the arguments of the parties, we conclude that the employer has failed to demonstrate that the finding of permanent, total disability was so unreasonable that it must be viewed as erroneous as a matter of law.

The decision of the Court of Appeals is affirmed.

All concur.