# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

FINAL

DATE 1-8-15 Enot Graunt, D.C.

2014-SC-000019-WC

ST. ELIZABETH HEALTHCARE                                                APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2013-CA-000672-WC
WORKERS' COMPENSATION NO. 11-70625

WILLIAM GENTER;
HONORABLE WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                            APPELLEES

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING IN PART AND REVERSING IN PART

Appellant, St. Elizabeth Healthcare, appeals from a Court of Appeals decision which vacated and remanded a workers' compensation award entered in William Genter's favor. St. Elizabeth does not disagree with or object to Genter's award being vacated and remanded for further findings regarding his pre-existing conditions, but argues that the Court of Appeals failed to address all of the raised issues. St. Elizabeth now argues to this Court that: 1) the permanent total disability ("PTD") analysis undertaken by the Administrative Law Judge ("ALJ") was improper and incomplete; 2) the Board improperly upheld the ALJ's work-related injury analysis; and 3) the ALJ, Board, and Court of Appeals erroneously found Genter provided proper notice. For the

below stated reasons, we affirm in part and reverse in part the Court of Appeals.

Genter, working as a floor nurse at St. Elizabeth, was lifting a patient on September 9, 2011, when he experienced pain in his left shoulder and down toward the center of his upper back. He filed an incident report with St. Elizabeth alleging a back injury. The next day, Genter left for a scheduled vacation. Upon returning to work on September 20, 2011, Genter stated he experienced neck pain toward the end of his shift. He continued to work until September 26, 2011, when he sought medical treatment for pain and was referred to an orthopedic surgeon. Genter reported a neck injury to St. Elizabeth on October 24, 2011 and ultimately underwent neck surgery in November 2011. He has not worked since. Genter filed a Form 101 Application for Resolution of Claim on January 27, 2012, alleging a work-related back and neck injury. He did not allege a left-shoulder injury until a hearing in the Summer of 2012.

Evidence gathered as a part of the claim indicated that Genter had a long history of pre-existing neck and back pain. Genter admitted in a deposition that he suffered from degenerative disc disease and had shoulder surgery in 2009. Additionally, he previously was given epidurals for pain in his low back and neck. Genter attempted to complete work rehab so that he could return to employment at St. Elizabeth, but was unable to finish the course. St. Elizabeth contends that the reason Genter could not complete work rehab was due to knee and low back pain which are unrelated to his work-related injuries.

2

After a review of the evidence, the ALJ found that Genter sustained a 30% whole person impairment and was permanently totally disabled. Benefits were awarded accordingly. In entering the award, the ALJ wrote a bare bones opinion and order which did not summarize or address some of the evidence St. Elizabeth presented. St. Elizabeth filed a petition for reconsideration, which was denied.

St. Elizabeth appealed to the Board arguing, among other things, that the ALJ failed to create an adequate record for review, the ALJ failed to make any findings regarding Genter's pre-existing active conditions, the ALJ failed to apply the proper standard to determine permanent and total disability, the ALJ failed to apply the proper standard to review whether Genter's notice of his work-related injury was timely, and the ALJ failed to address whether Genter's injury was work-related. The Board affirmed, but admitted that the "ALJ certainly did not go into detail discussing which aspects of the testimony and medical records he relied upon in reaching any of his legal conclusions, including injury as defined by the Act."

The Court of Appeals vacated Genter's award and remanded the matter for the ALJ to reconsider the evidence and make specific findings of fact on whether Genter's pre-existing back, neck, and shoulder conditions were active or dormant at the time of the work-related injury.[1] The Court of Appeals affirmed the ALJ's finding that Genter gave timely notice of his injury.

---

[1] Neither party argues that the Court of Appeals erred by remanding this matter for further fact finding regarding Genter's pre-existing conditions. Thus, we do not review that portion of the Court of Appeals opinion.

3

However, the Court of Appeals did not address St. Elizabeth's other arguments of error. In a concurrence Judge Combs wrote:

> Contrary to [St. Elizabeth's] contention at oral argument, the Opinion of the Workers' Compensation Board is far from being 'wholly devoid of substance.' The majority opinion properly affirms on all points but one – namely, the absence of a specific finding by both the ALJ and the Board as to the issue of a pre-existing condition.
>
> The evidence presented to the ALJ clearly revealed that Genter's back, shoulder, and neck pain predated the work-injury date of September 9, 2011. As was his prerogative, the ALJ elected to believe that the injury at issue nonetheless merited an award of TTD, PTD, and medical benefits.
>
> The only element missing was a specific finding as to the dormant or active status of the pre-existing portion of the pain. I would emphasize that this opinion is narrowly tailored to address and to clarify that sole issue – whose answer is implied but not express – as required by *Arnold, supra.*[2]

This appeal followed.

## I. THE ALJ MUST RECONSIDER WHETHER GENTER IS TOTALLY OR PARTIALLY DISABLED

St. Elizabeth first argues that the ALJ did not perform a proper permanent total disability analysis. It contends the finding that Genter was permanently and totally disabled is not supported by the evidence, and that the ALJ failed to consider evidence which supports their argument. This evidence includes: that Genter was unable to complete work rehab because of knee and low back pain which are not related to his work-related injury; that Genter is able to work at least part-time as a floor nurse; and that Genter stated he

---

[2] *Arnold v. Toyota Motor Manfacturing*, 375 S.W.3d 56 (Ky. 2012)

was not permanently and totally disabled. As such, St. Elizabeth argues the ALJ did not perform a proper analysis pursuant to *Ira A. Watson Dept. Store v. Hamilton*, 34 S.W.3d 48 (Ky. 2000), and that he should have provided a better summary of the evidence and analysis upon which he based his decision. *Arnold*, 375 S.W.3d 56 at 61-62.

The ALJ wrote the following in finding that Genter was permanently and totally disabled:

> "'Permanent total disability" means the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury . . . .' Kentucky Revised Statutes (KRS) 342.0011. To determine if an injured employee is permanently totally disabled, an ALJ must consider what impact the employee's post-injury physical, emotional, and intellectual state has on the employee's ability 'to find work consistently under normal employment conditions . . . . [and] to work dependably[.]' *Ira A. Watson Dept. Store v. Hamilton*, 34 S.W.3d 48, 51 (Ky. 2000). In making that determination,
>
>> the ALJ must necessarily consider the worker's medical condition . . . [however,] the ALJ is not required to rely upon the vocational opinions of either the medical experts or the vocational experts. A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured.
>
> *Id.* at 52. (Internal citations omitted). *See also Hush v. Abrams*, 584 S.W.2d 48 (Ky. 1979).
>
> In the present case, I considered the severity of the [Genter's] work injuries, his age, his work history, the testimony of [Genter] and Dr. Grefer's medical report regarding Mr. Genter's permanent impairment and occupational disability. Based on all of those factors, I make the factual determination that [Genter] cannot find work consistently under regular work circumstances and work dependably. I, therefore, make the factual determination that he is permanently and totally disabled and is entitled to recover appropriate workers' compensation benefits.

As we stated in *Arnold*:

> KRS 342.275(2) and KRS 342.285 contemplate an opinion that summarizes the conflicting evidence concerning disputed facts; weighs that evidence to make findings of fact; and determines the legal significance of those findings. Only when an opinion summarizes the conflicting evidence accurately and states the evidentiary basis for the ALJ's finding does it enable the Board and the reviewing courts to determine in the summary manner contemplated by KRS 342.285(2) whether the finding is supported by substantial evidence and reasonable.

*Arnold,* 375 S.W.3d at 61-62. Here the ALJ's opinion barely provides an adequate evidentiary basis for his finding that Genter is permanently and totally disabled. A better opinion would have indicated the ALJ considered the counter evidence provided by St. Elizabeth, including the allegation that it was actually Genter's pre-existing knee and low back injuries which prevent him from returning to work. However, that finding by the ALJ does not articulate the effect of Genter's pre-existing conditions, as he did not determine if they were active or dormant when the work-related injury occurred. The result of that analysis might change the ultimate conclusion on whether Genter is totally or partially disabled as a result of the injury suffered when lifting the patient. *See International Harvester Co. v. Poff,* 331 S.W.2d 712 (Ky. 1959) (holding that a worker who sustains both a work-related injury and a nonwork-related impairment is entitled to receive income benefits to the extent that the compensable work-related injury affected his ability to work). The Court of Appeals ordered this determination but stopped short of telling the ALJ to factor this into a new determination as to whether any disability Genter has is a total or partial disability. Thus, we vacate the ALJ's findings regarding

6

Genter being permanently and totally disabled, and remand this matter for him to reconsider his determination in light of his findings regarding his pre-existing conditions.

## II. THE ALJ WAS WITHIN HIS DISCRETION IN FINDING THAT GENTER SUFFERED A WORK-RELATED INJURY

St. Elizabeth next argues that the ALJ performed an inadequate analysis on the work-relatedness of Genter's injury. St. Elizabeth believes that the ALJ erred by not considering, or at least mentioning in his opinion and order, the evidence which counters Genter's contention that he was injured at work on September 9, 2011. St. Elizabeth states that the fact Genter did not report feeling pain until several weeks after the alleged injury and indicated on a medical form that he believed the pain was due to chronic causes sheds doubt on whether he really endured a work-related injury. However, while there may be evidence which contradicts the ALJ's conclusion that Genter suffered a work-related injury, that alone is insufficient to set aside his finding. The ALJ, as fact-finder, has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence. *A.K. Steel Corp. v. Adkins*, 253 S.W.3d 59, 64 (Ky. 2008). The ALJ stated that he found Genter's testimony and Dr. Grefer's report more persuasive than other evidence. Both the testimony and report indicated that Genter suffered a work-related injury. We also know that Genter filed an incident report with St. Elizabeth proving that there was an accident while lifting a patient on September 9, 2011. The ALJ, as fact finder, was within his discretion to accept Genter's and Dr. Griefer's

report as credible and find that Genter suffered a work-related injury while lifting a patient on September 9, 2011.

## III. GENTER PROVIDED ADEQUATE NOTICE OF HIS WORK-RELATED INJURY

St. Elizabeth's last argument is that the ALJ erred by finding that Genter provided adequate notice of his work-related injury. Genter gave notice to St. Elizabeth that he suffered a back injury on September 9, 2011. Genter's subsequent Form 101, filed on January 27, 2012, stated that he suffered "back and neck" injuries. It was not until a deposition on May 3, 2012, that Genter alleged a left shoulder injury. The first medical report finding the shoulder injury was work-related was dated July 25, 2012. Thus, St. Elizabeth argues that Genter did not provide adequate notice due to the delay in reporting all of his alleged injuries.

The ALJ's finding that Genter provided adequate notice is supported by the record. In *Smith v. Cardinal Construction Co.*, 13 S.W.3d 623 (Ky. 2000), we acknowledged that Kentucky law recognizes the fact that not every injury immediately becomes known after a work-related accident. Thus, an employee is not required to give notice to the employer until the injury manifests itself as compensable. *Id.* Here Genter reported that he suffered a work-related injury on the day of his incident, September 9, 2011. He initially thought he only had a back injury, but as time went on pain began to make him think he suffered from other injuries. Later medical treatment indicated Genter did in fact suffer from neck and shoulder injuries. While Genter did report the shoulder injury

8

prior to it being medically diagnosed, subsequent examination proved its existence and indicated it was work-related. Genter reported his injuries as they manifested. The ALJ did not err by concluding Genter provided adequate and timely notice of his injury to St. Elizabeth.

For the above stated reasons, we affirm in part and reverse in part the decision of the Court of Appeals and remand this matter for further findings of fact.

All sitting. All concur.

COUNSEL FOR APPELLANT,
ST. ELIZABETH HEALTHCARE:

Riley Stephen Burke
Cathy Lee Stickels

COUNSEL FOR APPELLEE,
WILLIAM GENTER:

Charles Ed Massey