# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: FEBRUARY 19, 2015
NOT TO BE PUBLISHED

**Supreme Court of Kentucky**

**FINAL**

2014-SC-000103-WC

**DATE** 3-12-15 Erik Groum, P.C.

NANCY MCDONALD                                                          APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                    CASE NO. 2012-CA-001555-WC
WORKERS' COMPENSATION NO. 06-00568

COMMONWEALTH OF KENTUCKY;
HONORABLE CHRIS DAVIS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                              APPELLEES

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

Appellant, Nancy McDonald, appeals from a Court of Appeals decision which affirmed an Administrative Law Judge's ("ALJ") opinion that held she was entitled to permanent partial disability ("PPD") benefits for a twenty-three percent whole person impairment beginning on the date of her injury. McDonald argues that the ALJ erred by holding that the PPD award should begin on the date of her injury because she contends her disability began on a different date. For the below stated reasons, we affirm the Court of Appeals.

McDonald suffered a work-related injury to her right hip and low back on July 18, 2004, while employed by Hazelwood Center, a mental health facility operated by the Commonwealth. She sought medical treatment and returned

to work at Hazelwood in a position which required less physical activity. McDonald sought workers' compensation for her injury.

Dr. Thomas Loeb treated McDonald, but found that she did not have any permanent disability. He assigned her a zero percent disability rating as of September 19, 2006. However, on January 23, 2007, Dr. Loeb reevaluated McDonald's condition and assigned her an eight percent disability rating. The parties entered into a settlement agreement in July 2007, and McDonald was awarded a lump-sum payment.

Despite being given less strenuous work to perform, McDonald's medical condition worsened. She filed a motion to reopen her claim on September 30, 2010. Following a hearing, the ALJ determined that McDonald was entitled to PPD benefits based on a twenty-three percent impairment rating. He awarded her PPD benefits to begin on the date of her injury, July 18, 2004. The Commonwealth would be credited for all previously paid compensation.

McDonald filed a petition for reconsideration arguing that the ALJ ordered her PPD benefits to begin on the wrong date. She contended that the PPD benefits should have been paid from the date her disability began and not from the date of her injury. She argued that her disability began sometime between September 19, 2006 and January 23, 2007, based upon Dr. Loeb's opinion regarding her impairment rating. Her petition for reconsideration was denied by the ALJ based on *Sweasy v. Wal-Mart Stores, Inc.*, 295 S.W.3d 835 (Ky. 2009). *Sweasy* stated that KRS 342.7301(1), "entitle[s] a partially disabled worker to permanent income benefits from the date that the permanent

2

impairment or disability that they compensate arises." 295 S.W.3d at 836. Applying that language, the ALJ believed that starting McDonald's PPD benefits from the date of her injury was the "better and more uniform policy." The Workers' Compensation Board affirmed the ALJ's order except on one issue which is not relevant to this appeal.[1] The Court of Appeals also affirmed, and this appeal followed.

McDonald argues that the ALJ erroneously found that her disability arose on the date of her injury and that he set the wrong date to begin her PPD benefits. We will review the ALJ's factual determination to see if it is supported by substantial evidence and that it was not unreasonable as a matter of law. *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000); *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984). The ALJ's interpretation of *Sweasy* is a question of law and will be reviewed *de novo*. *Hutchinson v. Kentucky Unemployment Ins. Com'n*, 329 S.W.3d 353, 356 (Ky. App. 2010).

"[T]he compensable period for partial disability begins on the date that the impairment and disability arise, without regard to the date of [maximum medical improvement], the worker's disability rating, or the compensable period's duration." *Sweasy*, 295 S.W.3d at 840. McDonald argues that the ALJ erred by holding that her PPD benefits should begin on the date of her

---

[1] The Board reversed the ALJ's order and remanded the matter for him to include wording regarding McDonald's entitlement to enhancement of her benefits by the two multiplier if her employment were to cease due to the disabling effects of the work-related injury. KRS 342.730(1)(c)2.

3

injury because her disability began sometime between September 19, 2006 and January 23, 2007. McDonald contends that her permanent partial disability could have only arisen between those two dates, because Dr. Loeb found she had no impairment on September 19, 2006, but later found that impairment existed on January 23, 2007. We disagree.

McDonald testified, as a part of her original workers' compensation claim, that as soon as her work-related injury happened, on July 18, 2004, she experienced pain and sought medical treatment the very next day. McDonald also has received on-going treatment with a variety of medical professionals from the date of her work-related accident. Thus, there is evidence to support the ALJ's conclusion that McDonald's disability arose on the date of her accident.

We also note that *Sweasy* states that the date of the onset of a disability be determined "without regard to . . . the worker's disability rating." *Sweasy*, 295 S.W.3d at 840. Accordingly, the date Dr. Loeb assigned McDonald a disability rating is irrelevant in deciding the time her PPD benefits are to begin. The ALJ did not misapply the holding in *Sweasy* and there is sufficient evidence to support his findings.

Thus, for the above stated reasons, we affirm the Court of Appeals.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur.

4

COUNSEL FOR APPELLANT,
NANCY MCDONALD:

Wayne C. Daub

COUNSEL FOR APPELLEE,
COMMONWEALTH OF KENTUCKY:

Timothy Joe Walker