BARBER, J.,
CONCURRING:
I concur, but write separately.
When asked whether he could perform a job that required him to sit, stand and walk eight hours a day, five days a week, Stumbo explained that “would depend on, ... how much sitting, standing, and walking. ... [whether] it was broken up and [if he] was able to move around, ... in [his] discretion and elevate [his] leg when it was — when it was time to hurt, yes.”
Determining whether a particular worker has sustained a partial or total occupational disability as defined by KRS 342.0011(11) clearly requires a weighing of the evidence concerning whether the worker will be able to earn an income by providing services on a regular and sustained basis in a competitive economy. For that reason, we conclude that some of the principles set forth in Osborne v. Johnson, [432 S.W.2d 800 (Ky.1968) ], remain viable when determining whether a worker’s occupational disability is partial or total.
Ira A. Watson Dep’t Store v. Hamilton, 34 S.W.3d 48, 51 (Ky.2000)
The analysis “clearly requires an individualized determination” of what a worker can, and cannot do, once he recovers from an injury. Id. “[A] claimant can certainly know as a fact if he is in pain, as well as he can know when it hurts to perform certain physical activities. He is entitled to tell and our court will give credence and weight to such testimony.” Ruby Const. Co. v. Curling, 451 S.W.2d 610, 612 (1970).
Ashland vigorously argues that Stumbo is capable of performing work. That is not for this Court to decide; however, a finding of permanent total disability 'does not *398 require that Stumbo be homebound. Watson, at 51. On remand, if the ALJ again concludes that Stumbo is permanently and totally disabled, Ashland has the right to reopen pursuant to 342.710(3) and seek to reduce the award, in the event Stumbo returns to work.
Venters, J., joins.