# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 23, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000584-WC

COMMONWEALTH OF KENTUCKY,                                    APPELLANT
UNINSURED EMPLOYERS' FUND


ON APPEAL FROM COURT OF APPEALS
CASE NO. 2016-CA-00284-WC
V.            WORKERS' COMPENSATION BOARD
NO. 13-WC-01012


MORGAN CRAYNE; PIPER LOGGING;                               APPELLEES
HON. STEPHANIE L. KINNEY,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING


In 2013, Morgan Crayne (Crayne), was working at Piper Logging (Piper), in West Kentucky. On April 17, 2013, Crayne stepped on a copperhead snake while he was cutting logs with a chainsaw. He jumped back, landed awkwardly, and injured his lower back. After he gathered himself, Crayne killed the snake and continued his work. One other Piper employee witnessed this event.

Later that day, Crayne was transporting lumber to Cadiz, Kentucky. As he was driving the truck downhill, the seat moved forward and caught Crayne

between the seat and the steering wheel. This intensified his lower back pain. Crayne continued to work for Piper for a brief period thereafter but subsequently ceased working due to his back pain.

Crayne filed his Form 101 on July 1, 2013, wherein he described the April 17, 2013 incident that injured his back. During the course of the administrative hearings, Crayne contended that he worked for Piper six days a week for approximately $100 dollars a day. He was paid in cash and by check. Piper's owner, Edward "Frankie" Piper, claimed that Crayne worked only three days per week.

The Administrative Law Judge (ALJ) considered testimony from Frankie Piper, other employees, and multiple physicians who treated Crayne after his injury. The ALJ discussed the testimony of Crayne's doctor, Dr. Davies, and Dr. Best, who was the doctor selected by the Uninsured Employers' Fund (UEF), to perform an independent medical evaluation of Crayne. Based on this evidence, the ALJ specifically stated that "Dr. Best and Davies have both indicated the work event on April 17, 2013 is what *caused* Plaintiff's back condition that eventually required surgery." (Emphasis added). As a result, the ALJ awarded Crayne temporary total disability (TTD) benefits, and permanent partial disability (PPD) benefits, and medical benefits. The ALJ specifically determined that Crayne worked an average of three to four days per week and that he received $100 per day in compensation.

Unfortunately, neither Piper nor Frankie Piper was insured. As such, UEF was ordered to pay the benefits awarded by the ALJ. UEF appealed

2

several issues to the Workers' Compensation Board (Board), which unanimously affirmed the ALJ's determination. UEF then appealed to the Court of Appeals, which unanimously affirmed the Board's decision. UEF now appeals to this Court. Having reviewed the record and the law, we affirm the Court of Appeals.

## Standard of Review

In order to reverse, we must determine that the ALJ's findings were "so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." KRS 342.285; *Ira A. Watson Dep't Store v. Hamilton,* 34 S.W.3d 48, 52 (Ky. 2000). This is clearly a difficult standard to satisfy.

## Analysis

UEF raises three issues on appeal: 1) Crayne failed to present substantial evidence that Crayne experienced a work-related injury; 2) Crayne failed to provide sufficient notice of his alleged injury to Piper or Piper's owner; and 3) the ALJ's determination of Crayne's average weekly wage (AWW) was based on mere speculation. Each claim will be addressed in turn.

### *Work-Related Injury*

UEF argues that the medical testimony did not affirmatively establish that Crayne's injury was work related. *See Brown-Forman Corp. v. Upchurch,* 127 S.W.3d 615, 621 (Ky. 2004) ("Medical causation must be proved to a reasonable medical probability with expert medical testimony but [] does not require it to be proved with objective medical findings."). UEF speculates that a preexisting condition and other labor performed by Crayne outside of his

3

employment with Piper were the true causes of his injury. UEF also takes great issue with the fact that Crayne did not see a doctor regarding his injury until six weeks after the injury occurred.

In contrast to the mostly speculative arguments presented by UEF, the ALJ considered the depositions and evidence of record, including Crayne's testimony and that of two other Piper employees. As previously noted, the ALJ also discussed the testimony of Crayne's doctor, Dr. Davies, and Dr. Best, who was the doctor selected by UEF to perform an independent medical evaluation of Crayne. Also, as previously noted, the ALJ specifically held that "Dr. Best and Davies have both indicated the work event on April 17, 2013 is what *caused* Plaintiff's back condition that eventually required surgery." (Emphasis added). Therefore, substantial evidence supports the ALJ's determination that Crayne's injury was work-related.

### Notice

KRS 342.185(1) and KRS 342.200 govern notice in workers' compensation cases. Citing these provisions, the Court of Appeals summarized the evidence presented to the ALJ as follows:

> Regarding notice, medical records show that Crayne reported having an accident on April 17, 2013. He has consistently reported this date and the accident as having occurred on that date. A fellow employee, McCaslin, acknowledged the accident and another employee, Blackburn, stated that he heard them discuss it. And the owner was present at the site on the day of the accident. The ALJ evaluated the evidence and determined that the owner was aware of the incident and of Crayne's accident. Crayne testified that he told Piper that day and did not return to the work site for a few weeks.

4

It is well-settled that "[t]he ALJ has the sole discretion to determine the quality, character, and substance of the evidence and may reject any testimony and believe or disbelieve various parts of the evidence regardless of whether it comes from the same witness or the same party's total proof." *Toyota Motor Mfg., Kentucky, Inc. v. Tudor*, 491 S.W.3d 496, 503 (Ky. 2016). Therefore, we agree with the Court of Appeals that substantial evidence supports the ALJ's determination that Piper received proper notice of Crayne's claim.

## *AWW*

We now turn to the issue of the ALJ's calculation of Crayne's average weekly wage (AWW). The Court of Appeals succinctly summarized the relevant facts and law as follows:

> As noted by the ALJ, KRS 342.140(1)(d) sets forth the method for determining a worker's AWW if the claimant's wages are fixed by the day. It is not disputed that Crayne's wages were set in this manner, and he was paid $100.00 per day. Furthermore, given that the employer did not provide the required paperwork, the ALJ only had the testimony of the owner, Crayne, and another employee, McCaslin, plus copies of Crayne's checks. Based on this information, the ALJ opined that Crayne worked an average three to four days per week in the thirteen-week quarter preceding the work accident, and he earned $350.00 per week.

We agree with the Court of Appeals that this constitutes substantial evidence that the ALJ's AWW calculation is reasonable. *See Tudor*, 491 S.W.3d at 503.

### **Conclusion**

For the foregoing reasons, we hereby affirm the Court of Appeals' decision, affirming the decisions issued by the Board and the ALJ.

All sitting. All concur.

5

COUNSEL FOR APPELLANT:

Charles Davis Batson
Assistant Attorney General


COUNSEL FOR APPELLEE, MORGAN CRAYNE:

Mark H. Edwards
David Craig Troutman
Edwards & Kautz, PLLC


COUNSEL FOR APPELLEE, PIPER LOGGING:

Robert Bartley Frazer
Greenwell & Frazer