# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JUNE 15, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000466-WC

DATE 7/6/17 *Kris Redmon*, DC

READY ELECTRIC                                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2015-CA-001816
V.                               WORKERS' COMPENSATION BOARD
NO. 11-WC-80389

THOMAS SCHARRINGHAUSEN;                              APPELLEES
HON. JOHN B. COLEMAN,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

On July 25, 2011, Thomas Scharringhausen (Thomas), sustained serious injuries to his leg while working as a commercial electrician at Ready Electric (Ready). His injuries occurred while he was repairing a six-foot exhaust fan located on the roof of a two-story building. His supervisor, Mike Phillips, was a journeyman electrician who failed to properly secure the lock-out/tag-out device on the electrical circuit that would disconnect the fan from electricity so that it could be repaired. During the course of his repairs, a belt Thomas was replacing inadvertently contacted the ignition switch and engaged the fan. Thomas' leg was pulled into the fan, causing multiple fractures to his proximal

and distal calcaneus, complete disruption of the Achilles' tendon, and partial evulsion of the left heel.

Jeffrey Callam, the safety director at Ready, investigated the incident and determined that is was caused by "not placing the Lock-out/tag-out materials on the motor's switch prior to beginning work." Callam further determined that this violated the company's rules and an OSHA regulation. 29 CFR 1910.147. At his deposition, Callam testified that as the supervisor on the scene, Phillips was responsible for engaging the lock-out/tag-out mechanism, and that he failed to do so in this instance.

Thomas filed his Form 101 in which he described the July 25, 2011 incident. After reviewing the evidence of record, the Administrative Law Judge (ALJ) awarded Thomas temporary total disability (TTD) benefits, permanent partial disability (PPD) benefits, and medical benefits. The ALJ also determined that Thomas was entitled to enhanced benefits pursuant to KRS 342.165(1).

Ready appealed several issues to the Workers' Compensation Board (Board), which remanded the case to the ALJ for additional findings as to whether the ALJ's decision was premised on an intentional safety violation, or violation of a general duty. On remand, the ALJ made specific findings that the violation was intentional under KRS 342.165(1). The Board affirmed the ALJ's decision. Ready appealed to the Court of Appeals, which unanimously affirmed the Board's decision. Ready now appeals to this Court. Having reviewed the record and the law, we affirm the Court of Appeals.

2

## **Standard of Review**

In order to reverse, we must determine that the ALJ's findings were "so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." KRS 342.285; *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000). This is clearly a difficult standard to satisfy.

## **Analysis**

KRS 342.165(1) allows for a 30% enhancement of benefits and provides as follows:

> If an accident is caused in any degree by the intentional failure of the employer to comply with any specific statute or lawful administrative regulation made thereunder, communicated to the employer and relative to installation or maintenance of safety appliances or methods, the compensation for which the employer would otherwise have been liable under this chapter shall be increased thirty percent (30%) in the amount of each payment. If an accident is caused in any degree by the intentional failure of the employee to use any safety appliance furnished by the employer or to obey any lawful and reasonable order or administrative regulation of the commissioner or the employer for the safety of employees or the public, the compensation for which the employer would otherwise have been liable under this chapter shall be decreased fifteen percent (15%) in the amount of each payment.

In applying this statute, the ALJ specifically held:

> [I]t is clear the plaintiff's supervisor disregarded the safety procedure and reengaged the electrical supply while the plaintiff was continuing to work in the dangerous position. To the undersigned this is a clear case for the application of the 30% penalty provision noted above.

Ready argues that any liability resulting from Phillips' failure to comply with the lock-out/tag-out mechanism cannot be imputed to Ready as the employer under KRS 342.165 because Ready specifically trained its employees on proper lock-out/tag-out procedures.

3

We addressed a similar issue in *Chaney v. Dags Branch Coal Co.*, 244 S.W.3d 95 (Ky. 2008). Therein, we held that an employer's intent is presumed if there is a failure to comply with a specific statute or regulation. *Id.* at 101. We specifically concluded that "[i]f the violation 'in any degree' causes a work-related accident, KRS 342.165(1) applies." *Id.* The Court also addressed the purpose of KRS 342.165 as follows:

> KRS 342.165(1) is not penal in nature, although the party that pays more or receives less may well view it as such. Instead, KRS 342.165(1) gives employers and workers a financial incentive to follow safety rules without thwarting the purposes of the Act by removing them from its coverage. *Id.*

In its opinion affirming the ALJ, the Board noted that "we are not without sympathy for an employer who is penalized despite making every good faith effort to ensure the safety of its employees through policy, regulation, safety meetings, and safety equipment." And while we echo this sentiment, it is undisputed that Phillips failed to comply with the lock-out/tag-out procedures described in 29 CFR 1910.147. This failure clearly caused Thomas' injury. Thus, KRS 342.165(1) and *Chaney* authorize the ALJ's findings in this case, and we believe that substantial evidence supports the ALJ's decision.

## Conclusion

For the foregoing reasons, we hereby affirm the Court of Appeals' decision, affirming the decisions issued by the Board and the ALJ.

All sitting. All concur.

4

COUNSEL FOR APPELLANT:

Rodney Joseph Mayer
U'SELLIS & KITCHEN PSC


COUNSEL FOR APPELLEE, THOMAS SCHARRINGHAUSEN:

Stuart E. Alexander, III
STUART ALEXANDER, PLLC

5