# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$ FINAL

2017-SC-000086-WC

DATE 10/19/17 Kim Redmon, DC

ERIC TURNER                                          APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2016-CA-001008-WC
WORKERS' COMPENSATION BOARD
NO. 13-WC-01225

FORD MOTOR COMPANY;                              APPELLEES
HON. THOMAS POLITES,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

In 2012, Eric L. Turner (Turner), was working for Appellee, Ford Motor Company (Ford), in Louisville, Kentucky. Turner was tasked with running wires through various parts of Ford vehicles which required the use of his hands and upper body. On September 27, 2012, he suffered upper extremity injuries as a result of his repetitive work activities.

He filed his Form 101 Injury Claim Application on August 9, 2013. The Administrative Law Judge (ALJ) considered Turner's deposition and medical reports submitted by multiple physicians who treated Turner after his injury. The parties stipulated that Turner's average weekly wage was $1,377.20.

Based on this evidence, the ALJ awarded Turner temporary total disability (TTD) benefits from March 8, 2013 to July 15, 2013. The ALJ also awarded Turner medical expenses and permanent partial disability (PPD) benefits based upon a 7% impairment rating.

Turner appealed several issues to the Workers' Compensation Board (Board), which unanimously affirmed the ALJ's findings. The Court of Appeals unanimously affirmed the Board's decision on the issue of PPD benefits and unanimously reversed the Board on the issue of TTD benefits. The court remanded the case to the ALJ to consider the factors discussed in our recent case of *Trane Commercial Systems v. Tipton*, 481 S.W.3d 800 (Ky. 2016). Turner now appeals to this Court. Having reviewed the record and the law, we affirm the Court of Appeals.

## **Analysis**

In order to reverse, we must determine that the ALJ's findings were "so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." KRS 342.285; *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000). Turner raises only one issue on appeal. He argues that because the findings and conclusions of the ALJ are consistent with the requirements of *Tipton*, it was error for the Court of Appeals to reverse and remand on the issue of entitlement to TTD benefits.

The issue here involves the type of work Turner was performing during the time period for which he was awarded TTD benefits—March 8, 2013 to July 15, 2013. During that time, he was a light-duty inspector and was paid his

2

regular wage. He performed additional light-duty tasks including sweeping and putting dots on engines with a marker.

Because the resolution of this issue is central to our holding in *Tipton*, it is necessary to quote from that case at some length:

> [A]bsent extraordinary circumstances, an award of TTD benefits is inappropriate if an injured employee has been released to return to customary employment, *i.e.* work within her physical restrictions and for which she has the experience, training, and education; *and* the employee has actually returned to employment. We do not attempt to foresee what extraordinary circumstances might justify an award of TTD benefits to an employee who has returned to employment under those circumstances; however, in making any such award, an ALJ must take into consideration the purpose for paying income benefits and set forth specific evidence-based reasons why an award of TTD benefits in addition to the employee's wages would forward that purpose.

*Tipton*, 481 S.W.3d 807.

Ford argues that Turner's light-duty inspector job was a legitimate job that benefited Ford and did not require additional training to perform. Ford also contends that Turner was not entitled to TTD benefits because his situation did not constitute an "extraordinary circumstance."

We recently addressed a similar issue in *Toyota Motor Mfg., Kentucky, Inc. v. Tudor*, 491 S.W.3d 496 (Ky. 2016). Like the present case, *Tipton* had not been rendered when the ALJ in *Tudor* awarded TTD benefits to a claimant who was on restricted duty. As such, we concluded in *Tudor* that "[b]ecause the ALJ could not have considered [Tipton] factors, this matter is remanded to the ALJ for that consideration." *Id.* at 504. The same resolution is appropriate here.

3

## Conclusion

For the foregoing reasons, we hereby affirm the Court of Appeals' decision reversing the award of TTD benefits for the period of March 8, 2013 to July 15, 2013. We remand this case to the ALJ to consider the *Tipton* factors in determining whether Turner is entitled to TTD benefits for the period of March 8, 2013 to July 15, 2013. On remand, the ALJ shall clearly define and consider the specific nature of Turner's light-duty tasks.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Charles E. Jennings

COUNSEL FOR APPELLEE, FORD MOTOR COMPANY:

George T. Kitchen, III
Reminger Co., LPA