# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2018-SC-000123-WC

DATE 1/3/19 Kim Redmon, DC

AMAZON.COM                                  APPELLANT

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2015-CA-001908-WC
V.                       WORKERS' COMPENSATION BOARD
NO. 11-WC-01214

JEANNIE COLVIN;                                APPELLEES
HON. WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

In 2010, Jeannie Colvin (Colvin), was working as a laborer at Amazon. On February 28th, Colvin injured her left shoulder while lifting cases of canned drinks. That same day, Colvin also sustained an injury to her neck. On February 7, 2011, Colvin's hands began to swell while pushing a box cart. She filed a Form 101 which was subsequently amended on January 22, 2013.

After considering the evidence, the Administrative Law Judge (ALJ) awarded Colvin permanent partial disability (PPD) benefits assessed at a seven percent impairment rating. On September 10, 2014, Colvin filed a motion to

reopen her case on the basis that her condition had worsened. Kentucky Revised Statute (KRS) 342.125(1)(d). The case was assigned to a different ALJ who considered Colvin's testimony and the testimony of multiple physicians.

Based on this evidence, the ALJ concluded that Colvin's condition had worsened and that she was entitled to an eleven percent whole person permanent impairment rating. The ALJ also determined that Colvin was permanently and totally disabled (PTD). Amazon appealed to the Workers' Compensation Board (Board), which unanimously affirmed the ALJ's determination. Amazon then appealed to the Court of Appeals, which unanimously affirmed the Board's decision. Amazon now appeals to this Court. Having reviewed the record and the law, we affirm the Court of Appeals.

## Standard of Review

To reverse, we must determine that the ALJ's findings were "so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." KRS 342.285; *Ira A. Watson Dep't Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000). This is clearly a difficult standard to satisfy.

## Analysis

Amazon's sole argument is that the award of PTD benefits was not warranted by the evidence. Amazon specifically argues that the medical testimony did not affirmatively establish that Colvin's condition had worsened. We disagree.

As noted by the Court of Appeals, Dr. Sanjiv Mehta, Colvin's treating orthopedic surgeon, diagnosed her with several conditions, including a

2

degenerative disc disease, mild carpal tunnel syndrome, partial thickness rotator cuff tear, arthritis, and left upper extremity complex regional pain syndrome. Dr. Mehta's records also indicated that she did not believe Colvin could return to work with her current clinical complex.

Dr. Warren Bilkey—who performed the independent medical exam for Colvin's initial award in this case—performed a subsequent exam and determined that Colvin acquired chronic pain affecting her neck and upper extremities. As previously noted, the ALJ also considered Colvin's testimony, wherein she attested to her increased levels of pain. *See Watson*, 34 S.W.3d at 52 ("A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured.").

In support of its case, Amazon cites Dr. Richard Dubou's conclusions that Colvin demonstrated no objective indicators of increased pain and that Colvin's condition had improved since her initial diagnosis. However, as the Court of Appeals correctly noted, while a party may submit medical evidence "which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis for reversal on appeal." *Whittaker v. Rowland*, 998 S.W.2d 479, 482 (Ky. 1999) (citation omitted).

Accordingly, the Court of Appeals properly deferred to the Board's findings, which were based upon substantial evidence. Finding no legal error, the Court of Appeals appropriately affirmed the Board's final order.

## Conclusion

For the foregoing reasons, we hereby affirm the Court of Appeals' decision, affirming the decisions issued by the Board and the ALJ.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Lori Vanhoose Daniel
FERRERI PARTNERS, PLLC


COUNSEL FOR APPELLEE:

Audrey Haydon
HAYDON & MCNAMARA, PSC

4