RENDERED:  JANUARY 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1227-WC

RURAL KING SUPPLY, INC.                                    APPELLANT


                    PETITION FOR REVIEW OF A DECISION
v.              OF THE WORKERS' COMPENSATION BOARD
                        ACTION NO. WC-21-87805


EVELYN SALLIE; HONORABLE
GREG ALLEN, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND L. JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  Rural King Supply, Inc. appeals from a decision of the Workers' Compensation Board which affirmed a workers' compensation award.  Rural King argues that the administrative law judge (ALJ) erred in awarding Evelyn Sallie permanent total disability benefits.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On March 15, 2021, Ms. Sallie's foot was severely injured while working for Rural King. She was sixty-two years old at the time of the injury. There is no dispute that the injury was compensable. She eventually returned to work on July 26, 2022, but left a year later, citing the continued pain in her foot. Even with accommodations, she was unable to fulfill her duties without daily pain.

Ms. Sallie brought a workers' compensation claim and a hearing was held before the ALJ on February 12, 2024. Deposition testimony was entered into the record where Ms. Sallie indicated that her foot is in pain every day, to varying degrees, and that some days she cannot even leave her house due to the pain. She also testified that the only action that brings some relief is elevating her foot. She further testified that when she returned to work for Rural King, even with her accommodations, other employees ended up doing most of her work for her. Ms. Sallie's medical records and medical evaluations were also entered into the record.

The ALJ entered an order setting forth the workers' compensation benefits award, including awarding Ms. Sallie permanent total disability benefits. The ALJ found that Ms. Sallie could not perform any work on a "regular and sustained" basis because of her injury. The ALJ also found that, while Ms. Sallie has performed work before that would allow her to remain seated, and could potentially do so again, such work would also require some movement and

physical activities. The ALJ believed she could not perform these additional physical activities due to her injury. The ALJ relied on Ms. Sallie's testimony regarding her pain and limitations. The ALJ also relied on an evaluation performed by a medical professional retained by Rural King. That doctor, Dr. Hicks Manson, evaluated Ms. Sallie and recommended extensive restrictions. He recommended that she have no prolonged periods of standing and limit her walking to fifteen minutes per hour. He also recommended she not walk on uneven surfaces, climb stairs or ladders, or partake in activities requiring squatting, kneeling, crouching, stooping, or pedaling.

Rural King later petitioned the ALJ to reconsider the permanent total disability award. The ALJ denied the petition. Rural King then appealed to the Workers' Compensation Board, which affirmed the ALJ's decision. This appeal followed.

## STANDARD OF REVIEW

> The standard of review with regard to a judicial appeal of an administrative decision is limited to determining whether the decision was erroneous as a matter of law. Where the ALJ determines that a worker has satisfied his burden of proof with regard to a question of fact, the issue on appeal is whether substantial evidence supported the determination. Substantial evidence has been defined as some evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable people. Although a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis

> for reversal on appeal. The crux of the inquiry on appeal is whether the finding which was made is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law.

*Ira A. Watson Dep't Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000) (citations omitted). "[Kentucky Revised Statutes (KRS)] 342.285 designates the ALJ as the finder of fact. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985), explains that the fact-finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence." *AK Steel Corp. v. Adkins*, 253 S.W.3d 59, 64 (Ky. 2008).

## ANALYSIS

On appeal, Rural King argues that it was error for the ALJ to conclude that Ms. Sallie was permanently and totally disabled. Rural King argues that there was no evidence to suggest such a disability and that she could work a sedentary office job.

KRS 342.0011(11)(c) defines permanent total disability as "the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury[.]" KRS 342.0011(34) defines work as "providing services to another in return for remuneration on a regular and sustained basis in a competitive economy[.]" Deciding if a person is permanently and totally disabled

-4-

requires an individualized determination of what the worker is and is not able to do after recovering from the work injury. . . . [I]t necessarily includes a consideration of factors such as the worker's post-injury physical, emotional, intellectual, and vocational status and how those factors interact. It also includes a consideration of the likelihood that the particular worker would be able to find work consistently under normal employment conditions. A worker's ability to do so is affected by factors such as whether the individual will be able to work dependably and whether the worker's physical restrictions will interfere with vocational capabilities. The definition of "work" clearly contemplates that a worker is not required to be homebound in order to be found to be totally occupationally disabled.

*Ira A. Watson Dep't Store*, 34 S.W.3d at 51 (citation omitted).

We believe there is substantial evidence in the record to support the ALJ's conclusion that Ms. Sallie had a permanent total disability as defined by the statutes cited above. At the time of the final hearing before the ALJ, Ms. Sallie was sixty-three years old and had a high school education. While there is evidence in the record that Ms. Sallie later became certified as a medical assistant, she never participated in that field of work. Evidence also indicates that Ms. Sallie is in constant pain. There was testimony from Ms. Sallie that she thought she could partake in an office job answering phones; however, there was also evidence that Ms. Sallie was sometimes in so much pain that she could not leave her house. Based on Ms. Sallie's age, education, pain levels, and the restrictions set forth by

Dr. Mason, it was not unreasonable for the ALJ to conclude that Ms. Sallie could not consistently work in a competitive economy.

## **CONCLUSION**

We believe there was substantial evidence to support the ALJ's conclusion in this case; therefore, we affirm. The ALJ's decision was supported by Ms. Sallie's testimony and the medical records and reports submitted into evidence. While there may have been conflicting evidence, that is not enough to reverse.

ALL CONCUR.

BRIEF FOR APPELLANT:

Donald J. Niehaus
W. Clayton Stone, II
Lexington, Kentucky

BRIEF FOR APPELLEE EVELYN SALLIE:

W. Gerald Vanover, Jr.
London, Kentucky

Michael Fleet Johnson
Pikeville, Kentucky