RENDERED: AUGUST 26, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0558-WC

RICHARD COLE                                    APPELLANT

                 PETITION FOR REVIEW OF A DECISION
v.                OF THE WORKERS' COMPENSATION BOARD
                     ACTION NO. WC-13-67013

KY FUELS CORP.; HONORABLE
JONATHAN WEATHERBY, ADMINISTRATIVE
LAW JUDGE; AND KENTUCKY WORKERS'
COMPENSATION BOARD                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND K. THOMPSON, JUDGES.

MAZE, JUDGE: Appellant Richard Cole (Cole) petitions for a review of a

Workers' Compensation Board (Board) opinion vacating and remanding the

administrative law judge's (ALJ) determination that Cole was permanently totally disabled as the result of a work-related injury.

## I. FACTS AND PROCEDURAL BACKGROUND

In 2013, Cole suffered a work-related injury when the truck he was driving on behalf of his employer, Appellee KY Fuels Corp. (KY Fuels), struck a dip in the road, resulting in a sudden deflation of the air-controlled seat. Cole filed a workers' compensation claim, alleging injuries to his lower back, neck, and hip.

In 2015, ALJ Thomas Polites found, based on Cole's testimony and the medical records of providers, including Dr. Anbu Nadar, that Cole's "current lumbar condition is causally related to [his] injury as the result of the arousal of pre-existing dormant non-disabling degenerative conditions into a disabling state by the injury . . . ." However, ALJ Polites did not find any "permanent impairment as a result of a hip or neck injury . . ." and therefore he dismissed those claims. He awarded Cole permanent partial disability benefits based upon a 10% impairment rating, enhanced by the 3X multiplier (KRS[1] 342.730(1)).

In 2017, Cole filed for, and was granted, leave to reopen the claim on the grounds that his condition had progressed to the point that he was totally disabled. At that time, he submitted medical reports from Dr. Nadar from 2013 and 2017, supplemented by a letter from Dr. Nadar dated September of 2017.

---

[1] Kentucky Revised Statutes.

In 2018, Cole testified by deposition and an independent medical examination was performed by Dr. Thomas Loeb. While Dr. Loeb indicated that Cole's condition had worsened, he concluded that this worsening was the result of nonwork-related conditions. Based upon Dr. Nadar's finding that there had been a worsening of Cole's symptoms such that his level of functional impairment had increased, ALJ Jonathan Weatherby awarded him permanent total disability benefits (PTD). KY Fuels appealed to the Board. Although the Board affirmed the ALJ's finding that Cole's condition had worsened, it vacated his award of PTD, on the grounds that the ALJ had failed to undertake the analysis to substantiate such an award, as required by *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48 (Ky. 2000).

Upon remand, although the ALJ presented a somewhat more cogent explanation of the connection between Cole's work-related injury and his worsening condition, he reached the same conclusion and made the same award. Therefore, KY Fuels once again appealed to the Board, which found that the ALJ's augmented findings were "minimally sufficient . . . ." The Board affirmed the ALJ's award.

KY Fuels then petitioned the Court of Appeals[2] to review the decision of the Board. The Court found that on remand the ALJ failed to distinguish

---

[2] *KY Fuels Corp. v. Cole*, No. 2019-CA-1519-WC, 2020 WL 6112924 (Ky. App. Oct. 16, 2020).

between Cole's work-related injury and other non-compensable conditions and had cited no medical opinion on the issue of causation which would support his claim. In so doing, this Court vacated the PTD award and remanded the matter to the ALJ for specific findings "determining whether Cole's work-related condition caused his total disability based upon expert medical evidence." *Id.* at *10.

Thereafter, Cole appealed to the Supreme Court,[3] which affirmed the Court of Appeals' holding that reversal was warranted due to the ALJ's failure to show that his findings were supported by substantial evidence that Cole's work-related injury caused permanent total disability. The Board was directed to remand the matter to the ALJ to make those findings.

On January 11, 2022, the ALJ entered his amended opinion and award on remand. In that portion of the opinion styled "Findings of Fact & Conclusions of Law," the ALJ made the following pertinent findings:

> 17.    The ALJ finds that the Plaintiff's description of his current abilities was credible and is supported by the MRI findings of Dr. Nadar who noted the progression of the Plaintiff's work-related low back symptoms to which he had previously attributed restrictions of no lifting of more than 30 pounds on an occasional basis and 10-15 frequently. The ALJ finds that the progression of these symptoms as identified by Dr. Nadar and the description offered by the Plaintiff of how the issue now affects his ambulation is credible and convincing.

> 18.    The ALJ therefore finds based upon the medical

---

[3] *Cole v. KY Fuels Corp.*, No. 2020-SC-0548-WC, 2021 WL 4489018 (Ky. Sep. 30, 2021).

evidence as well as the Plaintiff's explanation of his symptoms, that his ambulation difficulties are due to his work-related back injury and that the resulting inability to walk and perform the activities of daily living that he described is also causally work-related.

. . . .

21.    The ALJ therefore finds based upon the Plaintiff's credible testimony as supported by the objective medical evidence cited by Dr. Nadar, that the Plaintiff, given his limited education and work experience outside of the heavy physical category, would be unlikely to be able to provide services to another in return for remuneration on a regular and sustained basis in a competitive economy due specifically to the work injury found herein.  The ALJ therefore finds that the Plaintiff is permanently and totally disabled.

KY Fuels filed a petition for reconsideration arguing that the ALJ's amended opinion and award on remand did not comply with the appellate courts' instructions on remand because the ALJ failed to make his determination, based on expert proof, that Cole's worsening impairment was caused by a work-related injury.  The petition was overruled, and KY Fuels once again appealed to the Board.

The Board confined its task to the determination of "whether the ALJ has complied with the dictates of the Supreme Court in awarding PTD benefits."  The Board determined that while Dr. Nadar's report was sufficient to demonstrate that Cole's condition had worsened, it failed to address Cole's nonwork-related conditions.  The amended opinion and award on remand and the order on petition

-5-

for reconsideration were vacated, and the matter was remanded to the ALJ "to make findings and an award based on the 13% impairment rating and the increase in permanent partial disability benefits." It is from this opinion vacating and remanding that Cole has petitioned this Court for review.

## II. ANALYSIS

"The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the the [sic] Court perceives the Board has overlooked or misconstrued controlling statutes, or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 678-88 (Ky. 1992).

The issue which the ALJ has been charged with since 2017 is whether there has been a showing "by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order." KRS 342.125(1)(d). That issue remains to be resolved and for this reason, we affirm.

In *City of Ashland v. Stumbo*, 461 S.W.3d 392, 395-96 (Ky. 2015), the Court set forth a five-part test for an ALJ to utilize in determining whether a claimant has become permanently totally disabled as defined in KRS 342.0011(11)(c). First, the ALJ must find the existence of a work-related injury. In this case, although it is clear Cole suffered such an injury to his low back, it is

also clear that he suffered from pre-existing and congenital conditions. Although findings have been made that Cole's condition has progressed and worsened, there are no findings that the worsening was the result of the work-related injury.

The second step in the *Stumbo* analysis requires the ALJ to determine the claimant's impairment rating. 461 S.W.3d at 396. KRS 342.011(35) defines a "permanent impairment rating" as the "percentage of whole-body impairment caused by the injury or occupational disease as determined by the 'Guides to the Evaluation of Permanent Impairment[.]'" The ALJ herein has found the applicable rating to be 13%. However, he has not found that the impairment was caused solely by Cole's work-related injury. As such, he, like the ALJ in *Stumbo*, is unable to fulfill the next step of the analysis, the determination of a "permanent disability rating" as defined in KRS 342.0011(36).

The next step mandated in *Stumbo* is a finding that "the claimant is unable to perform any type of work." 461 S.W.3d at 396. In paragraph 21 of his amended opinion and award on remand, the ALJ has made such a finding, based upon Cole's testimony. He also bases this conclusion on the 2018 MRI findings of Dr. Nadar. In paragraph 17, he described those findings as "the progression of the Plaintiff's work-related low back symptoms." However, in its opinion vacating and remanding, the Board noted that the ALJ has failed once again to address Cole's "nonwork-related conditions," properly segregating them from the PTD

determination as required by KRS 342.730(1)(a).  Indeed, the Board indicated that "there is no specific statement by Dr. Nadar that the low back condition solely caused the need for physical restrictions."  As stated in *Stumbo*, "[a]n ALJ cannot simply state that he or she has reviewed the evidence and concluded that a claimant is unable to perform any type of work.  The ALJ must set forth, with some specificity, what factors he or she considered and how those factors led to the conclusion that the claimant is totally and permanently disabled."  461 S.W.3d at 396.

The final step in the *Stumbo* analysis is a determination that the total disability was caused by a work-related injury.  The *Stumbo* Court noted that such findings are "particularly crucial," where, as here, the claimant has pre-existing conditions as well as work-related conditions.  *Id*. at 397.  Once again, the ALJ has failed to make the requisite findings and this Court finds that the Board has neither "overlooked or misconstrued" the law nor has it erred in its assessment of the evidence.  *W. Baptist*, 817 S.W.2d at 687-88.

Accordingly, we affirm the Workers' Compensation Board's opinion vacating and remanding.

GOODWINE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:                BRIEF FOR APPELLEE
                                    KY FUELS CORP.:

Randy G. Clark
Lexington, Kentucky                 Steven L. Kimbler
                                    Lexington, Kentucky