RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1228-WC

JANE TODD CRAWFORD HOSPITAL                                    APPELLANT

PETITION FOR REVIEW OF A DECISION
v.                 OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-15-90532

MICHAEL BUSH; HONORABLE M.
CHRISTOPHER DAVIS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, EASTON, AND JONES, JUDGES.

EASTON, JUDGE: Jane Todd Crawford Hospital ("the Hospital") petitions for

review of a decision of the Workers' Compensation Board ("the Board") affirming

a decision by an administrative law judge ("ALJ") awarding benefits to Michael

Bush. We affirm.

The underlying facts are straightforward. Bush worked as a third-shift radiographer for the Hospital, which required him to transport a heavy X-ray machine around the hospital and to move patients into positions where they could be scanned. While helping a patient get off a table in February 2015, Bush felt pain in his shoulder. Bush had rotator cuff surgery a few months later and has never returned to work.

In 2020, Bush filed an application for workers' compensation benefits. Eventually, the ALJ issued an opinion and award finding Bush to have a 5% whole-person impairment due to his work-related shoulder injury. The ALJ enhanced Bush's award by the three-multiplier found at KRS[1] 342.730(1)(c)1. after concluding Bush lacked the ability to return to the type of work he performed when he was injured.[2] The ALJ also awarded temporary total disability benefits ("TTD") to Bush from shortly after his injury through May 10, 2018. The Hospital appealed to the Board.

The Hospital raised two issues before the Board. First, the Hospital argued the ALJ should have found Bush had reached maximum medical

---

[1] Kentucky Revised Statutes.

[2] KRS 342.730(1)(c)1. provides in relevant part that "[i]f, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined . . . ."

improvement ("MMI") in July 2016, not May 2018.  The date when Bush reached

MMI is important because reaching MMI triggers the cessation of TTD benefits.

*See, e.g.*, *French v. Rev-A-Shelf*, 641 S.W.3d 172, 178 (Ky. 2022) ("Under KRS

342.0011(11)(a)[3], TTD benefits must cease whenever the first of two things

occurs:  either the claimant reaches MMI *or* the claimant reaches a level of

improvement that would permit a return to her customary employment.").

Second, the Hospital argued Bush had not shown an inability to return

to the work he performed on the date of his injury.  The ALJ had to find Bush was

unable to return to the type of work he performed when he was injured to apply the

three-multiplier.  *See, e.g.*, *Apple Valley Sanitation, Inc. v. Stambaugh*, 645 S.W.3d

434, 438-39 (Ky. 2022).

The Board affirmed the ALJ.  The Hospital then filed this petition for

review.  The Hospital raised the same two issues.

The standards governing our review are familiar and settled.  As the

claimant, Bush had the burden of "proving each essential element of his claim"

and, as the finder of fact, the ALJ had "the sole authority to judge the weight,

credibility, substance, and inferences to be drawn from the evidence."

*Quad/Graphics, Inc. v. Bartolomeo*, 640 S.W.3d 93, 98 (Ky. App. 2022) (citations

---

[3] KRS 342.0011(11)(a) states that "'[t]emporary total disability' means the condition of an employee who has not reached maximum medical improvement from an injury and has not reached a level of improvement that would permit a return to employment[.]"

omitted).  The ALJ also had "the sole authority to believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same party's total proof."  *Id.*  Since Bush was successful before the ALJ, to receive relief the Hospital must show the ALJ's decision is not supported by substantial evidence.  *Id.*  We may reverse the Board only if it "has overlooked or misconstrued controlling statutes or precedent or committed an error in assessing the evidence so flagrant as to cause gross injustice."  *Id.* (citing *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)).

The Hospital offers a one-paragraph argument the ALJ should have found Bush reached MMI in July 2016, not May 2018.  The Hospital stresses a report of Dr. Frank Bonnarens, who performed two independent medical examinations of Bush and issued three reports.  But Dr. Bonnarens' MMI conclusions were inconsistent.

In his first report, issued on May 10, 2018, Dr. Bonnarens did not give a specific date when he believed Bush had reached MMI.  Instead, Dr. Bonnarens opined Bush "should be regarded at being at maximum medical improvement." Record ("R.") at 89.  In his later report, issued in September 2021, Dr. Bonnarens changed course and opined Bush reached MMI in July 2016, one year after his surgery.  That conclusion is contrary to a report issued in August 2016 by Bush's treating surgeon, Dr. Sanjiv Mehta, in which he stated Bush had not then reached

-4-

MMI. Moreover, Dr. Jules Barefoot, another physician who performed an independent medical examination of Bush, opined Bush did not reach MMI until January 2020. In short, the record contains divergent opinions as to when Bush reached MMI.

Given this conflicting evidence, the Hospital's argument must fail. The ALJ had the sole discretion to decide which opinion to utilize to determine when Bush reached MMI. Indeed, when there is conflicting evidence, an ALJ must choose to accept some and reject some. The Hospital's argument to the contrary notwithstanding, the ALJ was not required to rely on Dr. Bonnarens' second report. And, since there is *nothing* in Dr. Bonnarens' first report opining Bush had reached MMI on a specific prior date, the ALJ did not err by construing the May 10, 2018, report as indicating Bush reached MMI on the day the report was issued. The ALJ's decision is supported by substantial evidence and thus may not be disturbed.

Next, the Hospital argues the ALJ erred by applying the three-multiplier. This issue revolves around whether there was evidence to support the conclusion Bush lacked the ability to return to "the type of work" he performed at the time of the injury. KRS 342.730(1)(c)1. Our Supreme Court has held the "type of work that the employee performed" language in that statute "was most likely intended by the legislature to refer to the actual jobs that the individual

performed[,]" not merely the worker's job classification.  *Ford Motor Co. v. Forman*, 142 S.W.3d 141, 145 (Ky. 2004).  An "ALJ's determination of an injured employee's retained capacity and application of a multiplier to that employee's benefits award is a question of fact" so "[i]n a case, like the present one, in which the party with the burden of proof was successful before the ALJ, the only issue we consider on appeal is whether the ALJ's conclusion is supported by substantial evidence." *Apple Valley Sanitation, Inc.*, 645 S.W.3d at 438.

The evidence regarding Bush's ability to return to the type of work he performed when he was injured was, again, conflicting.  Dr. Bonnarens believed Bush could return to his pre-injury work, but others disagreed.  For example, Bush unequivocally testified he lacked the ability to perform all his former duties, such as moving patients on and off tables.  "A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured." *Ira A. Watson Dept. Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000).  Also, a vocational rehabilitation counselor opined in May 2020 Bush "does not retain the physical capacities to return to work as described in the job description per the lifting limits the employer required."  R. at 292.  Moreover, in April 2019, Dr. Mehta wrote in his notes that he gave Bush a note keeping him off work "because he cannot return to his regular job."  R. at 238.  And Dr. Barefoot opined:  "It does not appear [Bush] would be able to return to his

-6-

prior position as an x-ray tech/CT tech due to his right shoulder limitations/restrictions." R. at 430.

Finally, even Dr. Bonnarens qualified his conclusion Bush could return to his former work. Specifically, Dr. Bonnarens wrote Bush "could return to work if the reasonable accommodation of having someone help him move large people was made." R. at 443. In practical terms, Dr. Bonnarens admitted Bush would need help to lift heavy patients. Since lifting patients on and off tables was a major part of Bush's duties, Dr. Bonnarens has admitted Bush cannot, by himself, perform the same tasks he was required to perform at the time of his injury.

A worker who can no longer perform all his required job tasks lacks the ability to return to the "type of work" performed at the time of injury. *See, e.g.*, *Miller v. Square D Co.*, 254 S.W.3d 810, 813-814 (Ky. 2008) (holding "it seems more likely that the legislature intended for the phrase 'the type of work that the employee performed at the time of injury' to refer broadly to the various jobs or tasks that the worker performed for the employer at the time of injury rather than to refer narrowly to the job or task being performed when the injury occurred").

In addition, Bush testified in a deposition that the Hospital "would not accommodate my restrictions. I was hired for third shift to work alone and to work with patients . . . ." R. at 264. At the final hearing, Bush similarly testified he usually had worked alone "and everybody is shorthanded anymore so it's hard to get help, anybody to help you because they are all busy too." R. at 465.

In sum, the ALJ's conclusion Bush lacks the ability to return to the type of work he performed when he was injured is supported by substantial evidence and thus may not be disturbed. Accordingly, the ALJ did not err by applying the three-multiplier.

For the foregoing reasons, the Workers' Compensation Board is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Marcel Smith
Lexington, Kentucky

BRIEF FOR APPELLEE:

Stephanie N. Wolfinbarger
Louisville, Kentucky