# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JUNE 15, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2022-SC-0427-WC

RICHARD COLE                                                                                    APPELLANT

V.
ON APPEAL FROM COURT OF APPEALS
NO. 2022-CA-0558
WORKERS' COMPENSATION NO. WC-13-67013

KY FUELS CORP.; HONORABLE                                                        APPELLEES
JONATHAN ROBERT WEATHERBY,
JR., ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD

## MEMORANDUM OPINION OF THE COURT

## <u>AFFIRMING</u>

This workers' compensation matter has a lengthy procedural history and is before this Court for a second time since the initial claim was reopened in 2017. We are again tasked with determining whether the Court of Appeals correctly affirmed the Workers' Compensation Board's (Board) opinion vacating and remanding the Administrative Law Judge's (ALJ) decision that Richard Cole was permanently totally disabled due to a work-related injury. Following a careful review, we affirm the Court of Appeals.

Because this matter has been thoroughly litigated and the facts have been previously set forth in three separate appellate decisions,[1] we provide only a truncated factual and procedural history necessary for resolution of the sole issue presented. Cole sustained a work-related injury in 2013 while working for KY Fuels Corp. In 2015, Cole's initial workers' compensation claim was resolved upon a finding by ALJ Thomas Polites that the work-related injury aroused a pre-existing dormant degenerative spine issue into a disabling reality. He was awarded permanent partial disability (PPD) benefits based on a 10% impairment rating enhanced by the three-multiplier as required by KRS[2] 342.730(1).

In 2017, the claim was reopened on the grounds Cole's condition had worsened to the point that he was totally disabled. ALJ Jonathan Weatherby concluded in 2018 that Cole's worsening symptoms had increased his functional impairment sufficiently to grant an award of permanent total disability benefits (PTD). KY Fuels appealed to the Board which found that although Cole's condition had worsened, the ALJ had failed to provide a sufficient analysis under *Ira A. Watson Dep't Store v. Hamilton*, 34 S.W.3d 48 (Ky. 2000), to substantiate a PTD award. The Board remanded for further findings relative to the work-relatedness of Cole's worsening condition.

---

[1] *KY Fuels Corp. v. Cole*, No. 2019-CA-1519-WC, 2020 WL 6112924 (Ky. App. Oct. 16, 2020); *Cole v. KY Fuels Corp.*, No. 2020-SC-0548-WC, 2021 WL 4489018 (Ky. Sept. 30, 2021); *Cole v. KY Fuels Corp.*, No. 2022-CA-0558-WC, 2022 WL 3721740 (Ky. App. Aug. 26, 2022).

[2] Kentucky Revised Statutes.

2

On remand, the ALJ provided a somewhat more detailed analysis on the work-relatedness of Cole's worsened condition and reached the same result as it had previously. KY Fuels again appealed to the Board which affirmed upon concluding the ALJ's supplemental findings were "minimally sufficient." KY Fuels petitioned the Court of Appeals to review the Board's decision. The Court of Appeals reversed, holding the ALJ failed to appropriately distinguish between Cole's work-related injury and his other non-compensable medical conditions. Further, it noted the ALJ had cited no medical opinion on causation supporting the award of PTD. Thus, the Court of Appeals vacated the PTD award, remanded to the ALJ, and specifically ordered additional findings supported by expert medical evidence determining whether the work-related injury caused Cole's total disability. Cole then appealed to this Court. A majority of this Court affirmed on the basis that the Court of Appeals correctly concluded the ALJ's determination was unsupported by substantial evidence and the Board was directed to remand to the ALJ to make specific findings regarding the work-relatedness of Cole's total disability.

In early 2022, the ALJ entered an amended opinion ostensibly addressing the findings required by our remand. Although the factual findings and legal conclusions were somewhat more complete than in prior orders, KY Fuels believed the ALJ had not complied with the instructions set forth in the opinions of this Court and the Court of Appeals because the ALJ did not cite medical proof substantiating Cole's worsening was due to the work-related injury rather than his other non-compensable medical issues. After the ALJ

3

denied a petition to reconsider, KY Fuels appealed to the Board which concluded the ALJ had, in fact, failed to address Cole's nonwork-related conditions in reaching its decision. Acknowledging Cole's impairment had increased, the Board vacated the ALJ's order and remanded "to make findings and an award based on the 13% impairment rating and the increase in permanent partial disability benefits."

Cole petitioned the Court of Appeals to once again review the Board's determination. After recounting the procedural history of the matter, the Court of Appeals noted

> [t]he issue which the ALJ has been charged with since 2017 is whether there has been a showing 'by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order.' KRS 342.125(1)(d). That issue remains to be resolved[.]

*Cole v. KY Fuels Corp.*, 2022 WL 3721740 at *3. The Court of Appeals held the ALJ had failed to follow the five-part test set forth in *City of Ashland v. Stumbo*, 461 S.W.3d 392, 396-97 (Ky. 2015), to determine whether Cole was permanently totally disabled.[3] As to each step, the court concluded the ALJ had not linked Cole's worsening to the work-related injury nor had it addressed his nonwork-related conditions. Because the ALJ failed to make the requisite

---

[3] Under *Stumbo*, to find a claimant is totally disabled, an ALJ must first determine whether a claimant suffered a work-related injury. They must then determine what impairment rating a claimant has, if any. Third, a determination must be made of a claimant's permanent disability rating. Fourth, the ALJ is tasked with determining if a claimant is unable to perform any type of work. Finally, there must be an explicit finding that the total disability is the result of the work-related injury.

findings, the Court of Appeals concluded the Board had not overlooked or misconstrued the applicable law nor erroneously assessed the evidence, and therefore affirmed. Cole then filed the instant appeal.

Cole argues the Board and the Court of Appeals improperly decided the various appeals before them and subsequently ignored this Court's directives on remand.[4] He contends the ALJ appropriately specified evidence relied upon to determine Cole's worsened difficulties are work related, as mandated by this Court, yet the Board and Court of Appeals erroneously found to the contrary. We disagree.

The Court of Appeals conducts a review of the Board with the purpose of "[correcting] the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly,* 827 S.W.2d 685, 687-88 (Ky. 1992). Further review by this Court of the decisions of the Court of Appeals and the Board is meant "to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* at 688. "As a reviewing court, we are bound

---

[4] Cole also raises a "res judicata" argument, asserting the initial finding by ALJ Polites that the work-related injury aroused a preexisting dormant condition into a disabling reality forecloses further litigation regarding whether substantial evidence supports a finding the worsening of his condition renders him totally disabled. However, a majority of this Court previously discussed and rejected the same argument in our 2021 decision. Cole's attempt to relitigate the issue at this late stage is plainly improper. Therefore, no further comment on Cole's contention of error is warranted.

neither by an ALJ's decisions on questions of law or an ALJ's interpretation and application of the law to the facts. In either case, our standard of review is *de novo.*" *Bowerman v. Black Equip.* Co., 297 S.W.3d 858, 866 (Ky. App. 2009).

This Court has held parties in workers' compensation actions are "entitled to a sufficient explanation by the ALJ of the basis for the decision." *Whittaker v. Rowland*, 998 S.W.2d 479, 481 (Ky. 1999). More specifically, "workers' compensation litigants are entitled to know the evidentiary basis for an ALJ's findings of fact and conclusions of law, and an ALJ's opinion must summarize the conflicting evidence concerning disputed facts, weigh the evidence to make findings of fact, and determine the legal significance of those findings." *Miller v. Go Hire Emp't Dev., Inc.*, 473 S.W.3d 621, 630 (Ky. App. 2015) (citing *Arnold v. Toyota Motor Mfg.*, 375 S.W.3d 56, 61-62 (Ky. 2012)).

As noted by the Court of Appeals, since 2017 the ALJ has been charged with citing objective medical evidence establishing Cole's worsened and now totally disabling condition was causally related to his work-related injury. At every stage of review since that time, KY Fuels Corp. has argued the ALJ has failed to fulfill this charge. The Board, the Court of Appeals, and this Court have agreed. Yet, after multiple remands setting forth explicit instructions to do so, the ALJ has failed to either identify the required medical proof of record establishing the causal connection necessary for an award of increased income benefits relative to the claimant's reopening or, in the absence thereof, to revisit the PTD award.

This case presents a sympathetic claimant suffering from myriad maladies—some work-related and others not. The ALJ has provided sufficient citation to evidence of record which supports its finding that Cole's worsened condition now renders him permanently and totally disabled. What remains missing, however, is a designation of medical evidence within the record which would support a finding that Cole's permanent and total disability has resulted from a worsened work-related injury exclusive of any consideration of nonwork-related conditions as required by KRS 342.730(1)(a).[5] Without a specific citation to required medical evidence of record establishing such a causal connection, no award of PTD benefits is permissible because the ALJ would be unable to complete the five-step process mandated in *Stumbo*.

Therefore, we are again constrained to remand this matter to the Board with directions to remand to the ALJ for additional findings. Upon such remand, the ALJ must enter findings sufficient to identify the particular objective medical evidence establishing the causal connection discussed herein which would authorize an award of PTD benefits. If no such medical evidence exists, the ALJ must reassess the claim based solely on the evidence of record, excluding consideration of any nonwork-related conditions.

Based on the foregoing, we must again affirm the decision of the Court of Appeals and remand for further proceedings consistent with this opinion.

---

[5] KRS 342.730(1)(a) states, in pertinent part: "Nonwork-related impairment and conditions compensable under KRS 342.732 and hearing loss covered in KRS 342.7305 shall not be considered in determining whether the employee is totally disabled for purposes of this subsection."

VanMeter, C.J.; Bisig, Conley, Keller, Lambert and Nickell, sitting. All concur. Thompson, J., not sitting.

COUNSEL FOR APPELLANT:

Randy G. Clark


COUNSEL FOR APPELLEE:

Steven L. Kimbler
Pohl, Aubrey, Gray, P.S.C.


ADMINISTRATIVE LAW JUDGE:

Hon. Jonathan Robert Weatherby, Jr.


WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey

8